### HEPP & AL. vs. LAFONTA'S EX'RS.

*Executors, who reside abroad, cannot compel legatees of property in the state, to sue them elsewhere.*

*The legacy of a debt includes that of the interest due thereon.*

APPPEAL from the court of probates of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The petitioners claim a specific legacy, in virtue of the last will and testament of J. B. Lafonta. The will was made in France, where the testator died; and the executors reside there. The answer was filed, and the suit defended by one I. P. Poultz, who states that he has been empowered by the defendants to transfer to the plaintiffs the obligation bequeathed to them, together with the interest due from the death of the testator: that the court has no jurisdiction to condemn his principals to do any thing more than they are offering to do, and that if the plaintiffs think they are entitled to a larger sum, they must sue for it in the kingdom of France.

It is the opinion of the court, that if they

have a right to pronounce any judgment in the case, they must give such a one, as the law and the facts require. This plea, by which a citizen of our country is referred to the tribunals of another to prosecute his rights, is one of the first impression to us, and we consider it wholly untenable. The general rule in matters of this kind is, that the party objecting to the jurisdiction, should shew some other court that can take cognizance of the case ; unless he does so, is it the bounden duty of the tribunal which has the cause before it, if it be one, the subject matter of which is within its powers, to proceed and do justice between the parties.

It is the same thing as not shewing that any other court has jurisdiction of the case, to aver that no court in our own government has it. We do not know judicially, what are the powers of the tribunals of justice in France : nor whether the plaintiffs could have their right enforced there ; and if we did, the obligations which we owe to our own citizens, would prevent us from sending one of them to seek there, for that justice which we perceive he is clearly entitled to ; and which we have the means of extending to him here.

The present action has arisen out of a difference of opinion between the executors and the legatees, in regard to the proper construction to be given to the following clause in the testament of J. B. Lafonta.

" *Je donne a mes trois enfants, Philippe, Nathalie, et Edouard Lafonta, que j'ai eus de Susannah Hepp a la Nouvelle Orleans, que je reconnais, le contrat en entier que me doivent Messrs. Ducros, pere et fils, de la somme de trente huit mille piastres.*"

" I give to my three children, Phillip, Nathalie, and Edward Lafonta, whom I had with Susanna Hepp, of New-Orleans ; and whom I acknowledge, the entire contract of $38,000 which Messrs. Ducros, father and son, owe me."

At the time the testator died, there was about six months interest due on this obligation. The executors conceiving that by the terms of the bequest, nothing passed but the naked contract, insisted on retaining the interest. The legatees, believing that they were entitled to it, refused to accept the obligation without the accessary, and the single question which the case presents is, which of the parties are correct in their interpretation.

We think the plaintiffs are. The grant of the obligation carried with it every thing that belonged to it, and the interest in our opinion did. We are unable to distinguish this from the ordinary case of the transfer of a promissory note; which, unless something to the contrary was expressed, would clearly convey to the assignee all the interest due.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the defendants do convey, transfer, and set over to the plaintiffs the obligation mentioned in the petition, with all interest due thereon, and it is further ordered, adjudged and decreed, that the defendants pay the costs of this suit.

*Hennen* for the plaintiffs, *Morel* for the defendants.